UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEANETTE MUSE,

    Plaintiff,

v.                                                     Case No. 5:13cv260/CJK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

This case is before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Jeanette Muse's application for disabled widow's benefits ("DWB") under 42 U.S.C. § 402(e)(1). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and FEDERAL RULE OF CIVIL PROCEDURE 73 for all proceedings in this case, including entry of final judgment. Upon review of the record before this court, I conclude that the findings of fact and determinations of the Commissioner are supported by substantial evidence and application of the correct legal standards. The decision of the Commissioner, therefore, will be affirmed.

## ISSUES ON REVIEW

Plaintiff, who will be referred to as claimant, plaintiff, or by name, raises a single issue on appeal – whether the Commissioner's decision finding that she did not qualify for DWB was supported by substantial evidence and application of the correct legal standards.

## PROCEDURAL HISTORY

Claimant applied for DWB on August 15, 2006, alleging disability beginning on September 10, 1990. T. 16-17, 116.[1]  Her claim initially was denied, and the denial was upheld on reconsideration.  T. 16.  The ALJ held a video hearing on September 17, 2012, and on January 18, 2013, he issued a decision denying claimant's application for benefits.[2]  T. 16-19, 1012-35.  Claimant requested further review from the Appeals Council, which denied her request.  T. 6-9.  The ALJ's decision, therefore, became the final determination of the Commissioner.

## FINDINGS OF THE ALJ

The ALJ found that plaintiff is an unmarried widow of a deceased insured worker who died on July 5, 1976.  T. 18.  The ALJ also found that the prescribed period, during which plaintiff needed to establish that her disability began, was November 30, 1991, the date plaintiff was last entitled to widow's (or young mother's) benefits, through November 30, 1998, seven years after the prescribed period began.  T. 18.  The ALJ noted that plaintiff filed a claim for disability benefits on August 10, 1992, and was found disabled during the prescribed period, with an onset date of March 1, 1992.  T. 18.  The benefits ceased, however, on October 31,

---

[1] The administrative record, as filed by the Commissioner, consists of seven volumes (docs.18 through 18-6), and has 1035 consecutively numbered pages.  References to the record will be by "T.," for transcript, followed by the page number.

[2] As will be explained in more detail below, another AJJ issued decisions on January 3, 2008, and February 25, 2011, but the Appeals Council remanded the matter following each of those decisions. T. 17, 24-25, 33-37, 145-50, 157-60.

1999, as a result of medical improvement.[3]  T. 18.  Plaintiff turned fifty years old several years later, on June 29, 2003.  T. 18.

Plaintiff filed a second application for disability benefits on August 4, 2004, and was found disabled beginning February 11, 2004, but not disabled from October 1999 through February 10, 2004.  T. 18.  As set forth above, plaintiff filed her application for DWB on August 15, 2006.  T. 16.  Her claim initially was denied on November 28, 2006, and the denial was upheld on March 9, 2007.  T. 16.  Claimant requested a hearing, which was held on October 23, 2007.  T. 16, 103.  The ALJ upheld the denial of plaintiff's claim by decision issued January 3, 2008.  T. 16.  On May 13, 2010, the Appeals Council vacated the ALJ's decision and remanded the matter for further development and a new decision.  T. 16.  On remand, the ALJ dismissed plaintiff's request for a hearing because it was not timely filed.  T. 16.  By order dated January 5, 2012, the Appeals Council vacated the order of dismissal and remanded the case for further evaluation and a new decision with instructions to develop the record and make a determination, with supporting rationale, as to whether claimant was entitled to DWB benefits; offer claimant a hearing; address newly submitted evidence; and take any further action needed to complete the administrative record and issue a new decision.  R. 16.  On September 7, 2012, the ALJ held a video hearing and, on January 18, 2013, he issued his decision denying claimant's application for benefits.  T. 13-19.  Claimant requested further review from the Appeals Council, which denied her request.  T. 6-9.

---

[3] The ALJ incorrectly stated at one point in his decision that the disability benefits ceased effective January 30, 1999.  *See* T. 19.  The mistake has no bearing on the soundness of the ALJ's decision.

In his decision, the ALJ found that, since the death of her spouse on July 5, 1976, claimant has never satisfied all of the non-disability eligibility requirements for DWB. T. 18. Specifically, the ALJ found that although plaintiff was found disabled during the prescribed period based on her August 10, 1992, application and established onset date of March 1, 1992, she did not acquire potential eligibility for DWB until she reached fifty years of age on June 29, 2003. T. 18-19. According to the ALJ, since turning fifty, "claimant[ ] has continuously failed to meet the non-disability eligibility requirements for entitlement to payment of [DWB] because (a) Title II benefits were ceased effective January 30, 1999, after the end of the prescribed period and before the first month of her potential eligibility for [DWB] upon attainment of age 50; and (b) the claimant was not disabled from September 30, 1999 through February 10, 2004 (a date subsequent to her attainment of age 55).[4] T. 18-19.

## STANDARD OF REVIEW

A federal court reviews a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."). Substantial evidence is "'such relevant evidence as a reasonable person

---

[4] The pertinent factual background is set forth in the ALJ's decisions and is undisputed by plaintiff. The court therefore need not provide a separate recitation of the factual background of this matter.

would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With reference to other standards of review, the Eleventh Circuit has said that "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (*quoting Lewis*, 125 F.3d at1439). Although the ALJ's decision need not be supported by a preponderance of the evidence, "it cannot stand with a 'mere scintilla' of support." *See Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. *See Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

When reviewing a Social Security disability case, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner] . . . .'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (*quoting Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court also may not look "only to those parts of the record which support the ALJ[,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Review is deferential to a point, but the reviewing court conducts what has been referred to as "an independent review of the record." *See Flynn v. Heckler*, 768 F.2d. 1273, 1273 (11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011 WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011

WL 861785 (M.D. Fla. Feb. 28, 2011).[5]

## ANALYSIS

Pursuant to 20 C.F.R. § 404.335(c), as a widow of a person who died fully insured, plaintiff was entitled to benefits if she was at least sixty years old at the time she applied, or was at least fifty years old, disabled, and met all of the following conditions:

> (1) [her] disability started not later than 7 years after the insured died or 7 years after [she was] last entitled to . . . widow's . . . benefits based upon a disability, whichever occurred last.
>
> (2) [Her] disability continued during a waiting period of 5 full consecutive months . . . . The waiting period may begin no earlier than the 17th month before [claimant] applied; the fifth month before the insured died; or if [claimant was] previously entitled to mother's, father's, widow's, or widower's benefits, the 5th month before [claimant's] entitlement to benefits ended. If [claimant was] previously entitled to widow's or widower's benefits based upon a disability, no waiting period is required.
>
> . . .[6]
>
> (4) [Claimant has] not previously received 36 months of payments based on disability when drug addiction or alcoholism was a contributing factor material to the

---

[5] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision on whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

[6] Subsection (3) sets forth an exception that does not apply in this case.

Case No. 5:13cv260/CJK

determination of disability . . . .

The ALJ correctly concluded that plaintiff did not meet the eligibility requirements for DWB at the time he issued his decision.  Plaintiff was fifty-nine years old.  Although she was over fifty when she applied for DWB, the disability upon which her application was based did not occur during the prescribed period.  As set forth above, the agency found plaintiff disabled beginning on March 1, 1992, when she was thirty-eight years old.  T. 18, 187, 339, 367.  Plaintiff's benefits ceased because of medical improvement in 1999, when she was forty-six years old.  T. 382, 435-38.  The agency determined that plaintiff was not disabled from October 1999 through February 10, 2004.  T. 18-19, 46-47, 121-22, 184-95, 344.  Plaintiff did not become disabled again until February 11, 2004, when she was fifty years old.  T. 18-19, 46-47, 121-22.  That disability occurred beyond the prescriptive period, which was from November 1991 through November 1998.[7]  Because plaintiff failed to show a disability at age fifty or beyond that began during the prescriptive period, she is not entitled to DWB befits and the Commissioner's decision must be upheld.

**ACCORDINGLY, it is ORDERED:**

1. The decision of the Commissioner is AFFIRMED and plaintiff's application for Disabled Widows Benefits is DENIED.

2.  The clerk is directed to close the file.

---

[7] Plaintiff has not challenged the dates of the prescriptive period, as determined by the ALJ.

Case No. 5:13cv260/CJK

DONE AND ORDERED this 18th day of November, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**